**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DEXTER GRANT,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:10-CV-0334-L-BH** |
| | ) | |
| **RICK THALER, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court, this case has been referred for findings, conclusions, and recommendation.

**I.  BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed an initial petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 18, 2010.  Upon order of this Court, petitioner filed an amended petition on March 4, 2010, on the appropriate form.  The respondent is Rick Thaler, Director of TDCJ-CID.

On October 9, 2009, petitioner pled guilty and was convicted of theft in Cause No. F09-55628-FJ.  (*See* www.dallascounty.org, search for petitioner's criminal background.).[1]  After pleading true to two enhancement paragraphs, petitioner was sentenced to seven years, probated. *Id.*  In his amended federal petition, petitioner acknowledges that he has filed no state writ in this case (Amended Petition at 2), and the relevant public records reflect that a notice of appeal was not

---

[1] Petitioner does not list this cause number in his federal petition, but he does state that he pled guilty and received seven years probation for a theft conviction.  (Amended Petition at 2).  Dallas County records reflect that he pled guilty to and was convicted of theft and was sentenced to seven years, probated.  Dallas County records further reflect that on March 3, 2010, petitioner's probation was revoked and he was sentenced to twenty-five years imprisonment.

given in this case until March 17, 2010.  This direct appeal has not been decided and no state habeas application has been filed.  (*See* www.dallascounty.org, search for criminal background for petitioner; *see also* www.cca.courts.state.tx.us, search for petitioner).

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b).  To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court.  *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus.  *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.  To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court.  *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

In this case, petitioner has not fairly presented any claim to the Court of Criminal Appeals. He has only recently appealed his conviction, but this appeal has not been ruled on by the appellate court, nor has the Court of Criminal Appeals ruled on any PDR.  Moreover, petitioner has not filed any state application for writ of habeas corpus.  The Court of Criminal Appeals has simply had no opportunity to review the claims raised in the instant federal petition.

A federal district court may raise the lack of exhaustion *sua sponte*.  *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997).  It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief.  *See Rose v. Lundy*,

CASE 3:10-cv-00334-L   Document 12   Filed 03/26/10   Page 3 of 4   PageID 44

455 U.S. 509, 510 (1982).  As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Because petitioner has not fairly presented any claim to the Texas Court of Criminal Appeals, that court has had no opportunity to review the claims raised in the instant federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function.  *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial pro-ceedings").  Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III.  RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 26th day of March, 2010.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4